**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COURTHOUSE NEWS SERVICE, | No. 14-56444 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-08083-R-MAN |
| v. | |
| MICHAEL D. PLANET, in his official capacity as Court Executive Officer/Clerk of the Ventura County Superior Court, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted June 23, 2015[**]
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

Courthouse News Service ("CNS") appeals the district court's grant of

Michael Planet's motion to dismiss. We have jurisdiction pursuant to 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. Reviewing de novo, we reverse and remand with instructions. *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

The district court previously granted a motion to abstain from hearing this case, which we reversed and remanded in a published opinion. *Courthouse News Serv. v. Planet*, 750 F.3d 776 (9th Cir. 2014). We held, *inter alia*, that the district court lacked the discretion to abstain under *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941), because of the important First Amendment interest at stake. *Courthouse News*, 750 F.3d at 789. In so holding, we noted that "there [was] no question that CNS . . . alleged a cognizable injury caused by the Ventura County Superior Court's denial of timely access to newly filed complaints," *id.* at 788, which, according to CNS's complaint, include delays "stretching up to 34 calendar days." CNS's complaint also alleged that many courthouses across the country have adopted procedures to facilitate same-day media access to civil complaints. For purposes of a motion to dismiss, all factual allegations in the complaint are taken as true. *Webb v. Smart Document Solutions*, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The district court misapplied this standard governing Rule 12(b)(6) motions when it granted Planet's motion to dismiss CNS's amended

complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

In our prior opinion, we emphasized that "access to public proceedings and records is an indispensable predicate to free expression about the workings of government." *Courthouse News*, 750 F.3d at 785. We explained that the federal courts of appeals have widely agreed that this important First Amendment right of access "extends to civil proceedings and associated records and documents." *Id.* at 786. At the same time, we noted that this "right of access may be overcome by an 'overriding [governmental] interest based on findings that closure is essential to preserve higher values.'" *Id.* at 793 n.9 (quoting *Leigh v. Salazar*, 677 F.3d 892, 898 (9th Cir. 2012)). We also acknowledged that "[t]he delay in making the complaints available may also be analogous to a permissible 'reasonable restriction[ ] on the time, place, or manner of protected speech.'" *Id.* (quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)).

On remand, the district court narrowed the legal question to same-day access as an abstract notion and held, as a matter of law, that the First Amendment right of access does not mandate same-day access to civil complaints. The district court erred by evaluating the question of same-day access as a purely legal question divorced from the legal framework discussed in our prior opinion, and from the

3

allegations in CNS's complaint which allege delays in access to civil complaints exceeding 33 days from filing. While the district court cited the correct Supreme Court precedent, it failed to conduct the proper analysis dictated by that precedent. The district court acknowledged "that a constitutional right to access to civil complaints could arise under the *Press-Enterprise* test at some point during the course of civil proceedings," yet failed to determine whether the delays alleged in CNS's complaint, which must be taken as true at this stage of the proceeding, implicated such a right. Thus, the district court disregarded our mandate by erroneously ruling as a matter of law that filed civil complaints which have not yet been the subject of a hearing are outside the scope of the First Amendment right of access.

We again reverse and remand this case so that the district court may properly evaluate the merits of CNS's claims, consistent with our prior opinion. On remand, we grant CNS's request that the Clerk of the Court for the Central District of California assign this case to a different district court judge upon remand. Although we do not find personal bias, "unusual circumstances" warrant reassignment here. *Ellis v. U.S. Dist. Court (In re Ellis)*, 356 F.3d 1198, 1211 (9th Cir. 2004) (en banc). We consider: "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of

4

his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id.* (internal quotation marks omitted). A finding of either of the first two factors is enough to support reassignment. *United States v. Quach*, 302 F.3d 1096, 1103 (9th Cir. 2002).

Here, the appearance of justice is served by assigning this matter to a different judge on remand because the district court judge has expressed strong views, inconsistent with our prior opinion, on the merits of this case, failed to conduct the proper fact-specific inquiry, and dismissed this case before an answer was filed twice. Assignment to a different district court judge will preserve the appearance of justice. *See Ellis*, 356 F.3d at 1211. Moreover, because the case has remained at a preliminary stage for three years, no disproportionate waste and duplication of district court resources will result from the reassignment. *See id.* Therefore, on remand, the Clerk of the Court shall reassigned this case to a different district court judge within the Central District of California.

**REVERSED and REMANDED with instructions to the Clerk to assign to a different district court judge.**